STEVENSON v. JOLINE et al.

(Supreme Court. Appellate Division, Second Department. June 29, 1908.)

1. CARRIERS—CARRIAGE OF PASSENGERS—PERSONAL INJURIES—TAKING UP PAS-
   SENGERS.
       A street car motorman opened the folding gate on the front platform
   for passengers to enter. A passenger, in the act of stepping on the plat-
   form, took hold of the gate just as the motorman closed it, catching
   her thumb and injuring it. *Held* that, the motorman having opened the
   gate to admit passengers, it was his duty to keep it open until plaintiff
   had had a fair opportunity to get into a position of safety.
       [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1154,
   1159.]

2. SAME—CONTRIBUTORY NEGLIGENCE.
       Plaintiff was not, as a matter of law, negligent in taking hold of the
   gate, instead of the hand rail, since it was safe so long as the motor-
   man did not close it.
       [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1367,
   1402.]

3. SAME—PROXIMATE CAUSE.
       The act of the motorman in closing the gate while plaintiff was at-
   tempting to get on board and not the taking hold of the gate by plaintiff,
   was the proximate cause of the injury.
       [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1245,
   1353.]

Appeal from Municipal Court, Borough of Brooklyn, Fourth Dis-
trict.

Action by Anna E. Stevenson against Adrian H. Joline and another,
as receivers of the New York City Railway Company, for personal
injuries. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR,
and RICH, JJ.

Anthony J. Ernest, for appellants.
William E. Cook, for respondent.

WOODWARD, J. There is no material conflict in the evidence
in this case. The plaintiff, on the 26th day of October, 1907, attempt-
ed to board one of the defendant's cars, by the front door, at the
corner of Delancey and Clinton streets, borough of Manhattan. The
motorman had opened the folding gate on the front platform for pas-
sengers to enter, and several passengers preceded the plaintiff upon
the car. While she was in the act of stepping upon the platform,
plaintiff took hold of the folding gate, and just at that moment the

motorman closed the gate, catching her thumb, and producing the injury for which she has recovered a judgment for $222. The defendants appeal from the judgment, and on the authority of O'Rourke v. Interborough Rapid Transit Co. (Sup.) 92 N. Y. Supp. 317, urge that this was an unavoidable accident for which the defendants are not liable.

We are of the opinion that the case relied upon is not an authority for reversal; that the defendants' motorman in this case, having opened the gates to admit passengers, was not justified in closing this gate until the plaintiff had had a fair opportunity to get into a position of safety. While it is probably true that the car was equipped with hand rails, and it was not necessary for the plaintiff to take hold of the folding gate, still it can hardly be said as a matter of law that she was guilty of negligence contributing to the accident by taking hold of this gate. It presented a convenient place for taking hold, and it was entirely safe so long as the motorman did not close it. It was not, therefore, a proximate cause of the accident. The accident resulted solely through the affirmative act of the motorman in closing the gate while the plaintiff was attempting to get on board, where the gate had been opened for this purpose, and it was the duty of the motorman to give her an opportunity to get on board safely. The exercise of any reasonable degree of care on the part of the motorman would have obviated the accident, and the trial court very properly found for the plaintiff.

The judgment appealed from should be affirmed, with costs. All concur.